PEOPLE ex rel. POWLEY v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

CERTIORARI—MATTERS REVIEWABLE—INSUFFICIENCY OF PLEADING.

In proceedings before the board of police commissioners for the trial of a member of the force, a charge of "conduct unbecoming an officer," with a specification that at a time and place named he made use of vile and indecent language to a designated person (without stating the precise language used), and threatened her if she should make complaint against him, cannot be objected to for the first time on certiorari as not showing on its face the exact nature of the charge against him, but, if the specification is so indefinite that he could not properly defend himself without further information, he should have applied for a more specific statement.

Certiorari by the people, on the relation of Lewis Powley, against Theodore Roosevelt and others, to review the action of defendants in removing relator from the police force of the city of New York. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Thomas McCormick, for relator.
Terence Farley, for respondents.

BARRETT, J.   The point is made on behalf of the relator that the specification of his offense did not show on its face the exact nature of the charge against him.   The charge was of conduct unbecoming an officer, and the specification was that the relator made use of vile and indecent language to one Margaret Wares, and threatened her if she should make complaint against him.   Time and place were specified, but the precise language used was not stated.   This would doubtless have been insufficient in an indictment, but in proceedings of the present character strict, technical accuracy of statement is not requisite.   The charge fairly apprised the relator of the rule he had violated, and the specification informed him in general terms of the nature of his alleged misconduct.   If the specification was so indefinite that he could not properly defend himself without further information, he should have applied for a more specific statement.   No such application was made.   On the contrary, the trial proceeded to the end without a suggestion of prejudice on account of any insufficiency of detailed statement.   It is certainly too late to raise the point for the first time after judgment.

Upon the merits it is sufficient to say that the judgment of the commissioners is fully supported by the evidence.   It is difficult to believe that Mrs. Wares brought these charges gratuitously.   She thereby subjected herself to unpleasant publicity, and it is most improbable that she had any other motive in incurring the notoriety attendant upon the narration of the officer's indecent language than a brave and honest woman's determination to redress a gross outrage.   The commissioners were fully justified in the credit which they gave to her testimony.   It was open, frank, and apparently credible, while the whole attitude of the defense was suggestive of an attempt to suppress the truth.

There is nothing in the other points made by the relator.   The commissioner had no private interview with the complainant in reference to the case.   There is an implication in the record that the day before the hearing the complainant called upon the commissioner, and informed him that one of her witnesses had expressed the determination not to obey a subpœna which had been served upon him.   Thereupon the commissioner sent his secretary to see the witness, and ascertain whether he would obey the subpœna, and this is all there was about the alleged interview between the commissioner and the complainant.   The point is clearly frivolous, as is also the point that the commissioner erred in allowing the complainant to impeach her own witnesses.   The commissioner did nothing of the kind.   He simply permitted a general interrogation in explanation of the apparently short memories of these witnesses.   There was no impeachment, and the interrogation in question did not in the least prejudice the relator's case.

We think this was a righteous judgment of the commissioners, and that it should be affirmed, with costs.   All concur.